# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHRISTOPHER VILLELA,

    **Plaintiff,**

v.                                  CASE NO. 16-3047-SAC

A.J. WEISHAAR, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Christopher Villela is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his unlawful search and seizure claim should not be stayed pending resolution of his state criminal proceedings.

## I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court entered an Order (Doc. 35) on October 16, 2018, granting Plaintiff until November 19, 2018, to respond to the Court's Notice and Order to Show Cause at Doc. 10 ("NOSC"). The Order also granted Plaintiff until November 19, 2018, in which to file a complete and proper second amended complaint to cure all the deficiencies set forth in the NOSC. This matter is before the Court for screening of Plaintiff's Second Amended Complaint (Doc. 37).

Plaintiff alleges that on December 22, 2015, at 3:06 a.m., Defendants Lahann, Weishaar and Ingram violated Plaintiff's constitutional rights: when Officer Lahann pulled Plaintiff's wallet out of his back pocket to identify Plaintiff; when Officers Weishaar, Lahann and Ingram used excessive force when Weishaar tasered Plaintiff three times; and by failing to give Plaintiff medical attention after the incident. Plaintiff alleges that on December 24, 2015, at the Reno

1

Correctional Facility, he informed "several supervisory officials within the Hutchinson community" about Plaintiff's complaints. Plaintiff alleges that he informed Defendants Pickard and Yingling that Plaintiff's rights were violated and that his arrest "was unjust or did not meet valid statutes in order to make arrest in curtilage of home and arrestee has standing to challenge search & seizure of his own person & denial of medical attention." (Doc. 37, at 6.)

Plaintiff alleges that discovery will provide evidence that the owner of the premises did not give officers "invite" into the home on the night in question. Plaintiff states that the officers' recording devices will confirm whether or not permission to enter the home was given. Plaintiff alleges that his criminal case No. 15-cr-1097 has been resolved and a plea agreement was entered.

Plaintiff names as Defendants: Officers Weishaar, Lahann and Ingram; Patrolman/Officer B.W. Carey; and Lieutenants Jason Yingling and Thad Pickard. Plaintiff seeks a declaratory judgment stating that Defendants violated Plaintiff's constitutional rights and "constituted standing to challenge search & seizure, misuse of excessive force, & denial or & negligence." (Doc. 37, at 7.) Plaintiff also seeks compensatory and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### *1. Improper Defendants*

Plaintiff has not alleged that Defendants Pickard and Yingling personally participated in the deprivation of his constitutional rights. Plaintiff alleges that he notified them after the fact that his rights had been violated. Individual liability for a § 1983 violation requires personal involvement in the alleged constitutional violation. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 768 (10th Cir. 2013). Thus, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff does not allege that Defendant Pickard and Yingling were present during the alleged incident. *See Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) (excessive force claim dismissed where supervisory defendant did not employ force, was not present when force was applied, and did not give advance approval for the use of force). "A plaintiff must satisfy 'three elements . . . to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind.'" *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (quoting *Schneider*, 717 F.3d at 767).

Plaintiff's allegations are insufficient to demonstrate causation or state of mind. To show causation, plaintiff's allegations must demonstrate that defendant's alleged actions caused the assaults by setting "in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights." *Id.* (citations omitted). Defendants' alleged deficiencies should be "closely related" to plaintiff's injuries such that the assaults upon plaintiff were "almost inevitable." *See Keith v. Koerner*, 843 F.3d 833, 838–39 (10th Cir. 2016) (quoting *Lopez v. LeMaster*, 172 F.3d 756, 760 (10th Cir. 1999) and *Houston v. Reich*, 932 F.2d 883, 888 (10th Cir. 1991)). Nor is a defendant's response or lack of response to a post-assault grievance or other correspondence sufficient evidence to implicate his liability for the assaults. *See Davis v. Ark. Valley Corr. Facility*, 99 F. App'x. 838, 843 (10th Cir. 2004) (outlining complaints to warden in correspondence does not implicate warden's liability); *Boles v. Dansdill*, 2007 WL 2770473 *4 (D. Colo. Sept. 20, 2007)

(processing a grievance does not establish a link for supervisor liability for an employee's conduct).

Plaintiff has failed to allege anything other than Defendants' supervisory status and his claims against Defendants Pickard and Yingling are dismissed. Likewise, Plaintiff fails to allege how Defendant B.W. Carey participated in the violation of his constitutional rights. Plaintiff names Carey as a defendant and identifies him as performing racial profiling and official misconduct. (Doc. 37, at 3.) However, Plaintiff fails to refer to Defendant Carey in the body of his Second Amended Complaint and fails to allege any facts supporting a claim against Defendant Carey. Defendant Carey is also dismissed.

### 2. *Excessive Force*

Plaintiff asserts an excessive force claim in violation of the Eighth Amendment. Although Courts generally analyze a prisoner's claim of excessive force under the Eighth Amendment's cruel and unusual punishment clause, because Plaintiff claims excessive force was used during his arrest, it should be analyzed under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (claims that law enforcement officers have used excessive force during an arrest or other seizure should be analyzed under the Fourth Amendment); *Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014) (noting that determining which amendment applies to an allegation of excessive force depends on where plaintiff finds himself in the criminal justice system and claims of excessive force involving convicted prisoners arise under the Eighth Amendment) (citation omitted); *Nosewicz v. Janosko*, 2018 WL 5617756, at *5 (10th Cir. Oct. 30, 2018) (unpublished) (finding that excessive force analysis of the Fourth Amendment was correctly applied where plaintiff was arrested and detained without a warrant prior to any probable cause hearing).

A law enforcement officer can violate the Fourth Amendment by using excessive force in carrying out an arrest. *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1248 (10th Cir. 2013). In considering Plaintiff's excessive force claim, the Court considers whether the force the officers used to arrest Plaintiff exceeded "the force reasonably necessary to effect a *lawful* arrest or detention under the circumstances of the case." *Maresca v. Barnalillo Cty.*, 804 F.3d 1301, 1313 (10th Cir. 2015) (citing *Cortez v. McCauley*, 478 F.3d 1108, 1126 (10th Cir. 2007)).

In resolving a claim of excessive force by an arrestee, the court applies the objective reasonableness test announced in *Graham v. Connor*, 490 U.S. 386, 388 (1989). Under this test, the court must consider the totality of the circumstances. *Plumhoff v. Rickard*, 143 S. Ct. 2012, 2020 (2014). Under the test, courts balance three factors: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to flee." *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012) (citing *Graham*, 490 U.S. at 396). The Tenth Circuit has held that:

> The precise question asked in an excessive force case is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

*Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1313 (10th Cir. 2009) (citing *Graham*, 490 U.S. at 397); *Weigel v. Broad*, 544 F.3d 1143, 1151–52 (10th Cir. 2008).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "That perspective includes an 'examination of the information possessed by the [officers].'" *Weigel*, 544 F.3d at 1152 (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

In the Court's previous NOSC, the Court found that the officers' reports that Plaintiff referenced in support of his excessive force claim were unfavorable to his claim. In giving Plaintiff an opportunity to amend, the Court cautioned Plaintiff that an amended complaint:

> is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. . . . Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including date, locations and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

(Doc. 10, at 15, n.3.) Plaintiff's Second Amended Complaint alleges that Defendant Weishaar tasered him three times, but fails to allege how this force was unnecessary or excessive under the circumstances. Plaintiff's claim of excessive force is dismissed for failure to allege sufficient facts in support of this claim.

### 4. *Younger Abstention*

The Court previously cautioned Plaintiff that the Court may be prohibited from hearing Plaintiff's unlawful search and seizure claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971). *See* Doc. 10, at 11–13. "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary

circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff alleges that "criminal Case #15-cr-1097 has been resolved, and a plea agreement was established." (Doc. 37, at 5.) However, a review of the docket of the Kansas Court of Appeals shows that Case No. 15-cr-1097 is on appeal. *See Kansas v. Villela*, Case No. 119549 (Kan. Ct. App.). The docket reflects that appellant's brief is due March 6, 2019. Therefore, it appears that the second condition for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v.*

9

*Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). A finding in this case that Defendants' alleged illegal search and seizure violated Plaintiff's constitutional rights would have a preclusive effect in ongoing state-court proceedings. *See Buck*, 244 F. App'x at 198. "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If Plaintiff has been convicted and a judgment on Plaintiff's illegal search and seizure claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff's unlawful search and seizure claim may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Pickard, Yingling, and Carey are **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claim for denial of medical care and Fourth Amendment excessive force claim are **dismissed.**

**IT IS FURTHER ORDERED** that on or before **March 15, 2019,** Plaintiff shall show cause why his remaining claim for damages for unlawful search and seizure should not be stayed for the reasons discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff shall notify the Court of any final decision in the criminal action pending against him.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 22nd day of February, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**Senior U. S. District Judge**