IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER VILLELA,

    Plaintiff,

    v.                                                         CASE NO. 16-3047-SAC

A.J. WEISHAAR, et al.,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On February 22, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 42) ("MOSC"), dismissing Defendants Pickard, Yingling, and Carey, and dismissing Plaintiff's Eighth Amendment claim for denial of medical care and Fourth Amendment excessive force claim. The Court previously cautioned Plaintiff that the Court may be prohibited from hearing Plaintiff's unlawful search and seizure claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971). *See* Doc. 10, at 11–13. The Court's MOSC directed Plaintiff to show cause why his remaining claim for damages for unlawful search and seizure should not be stayed pending resolution of his state court criminal Case No. 15-cr-1097, which was on appeal at that time. *See Kansas v. Villela*, Case No. 119549 (Kan. Ct. App.). In response, Plaintiff filed a Response (Doc. 45) and a motion to stay this case pending resolution of Case No. 119549 (Doc. 46). On April 2, 2019, the Court entered an Order (Doc. 47) granting Plaintiff's motion to stay this case pending resolution of Case No. 119549 pending in the Kansas Court of Appeals. The Order directed Plaintiff to "notify the Court of any final decision in the criminal action pending against him." (Doc. 47, at 1.)

1

Although Plaintiff has failed to notify the Court, the docket of the Kansas Court of Appeals reflects that the court affirmed Plaintiff's sentence on January 10, 2020. *See State v. Villela*, No. 119549 (Kan. Ct. App. January 10, 2020). Therefore, Plaintiff is ordered to show good cause why the stay should not be lifted in this case and why the case should not be dismissed as barred by *Heck*.

The Court found in the MOSC that:

> If Plaintiff has been convicted and a judgment on Plaintiff's illegal search and seizure claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:
>> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
> *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id.* at 486–87.

(Doc. 42, at 10.) Plaintiff should show good cause why his remaining claim should not be dismissed as barred by *Heck*.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall show good cause on or before **February 18, 2020,** why the stay should not be lifted in this case.

**IT IS FURTHER ORDERED** that Plaintiff shall also show good cause on or before **February 18, 2020,** why this case should not be dismissed for the reasons set forth in the Court's MOSC at Doc. 42.

**IT IS SO ORDERED**.

**Dated January 15, 2020, in Topeka, Kansas.**

<pre>                        <u>s/ Sam A. Crow</u>
                        Sam A. Crow
                        Senior U. S. District Judge</pre>